UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:17-CR-47-PPS |
| ) | |
| YAHTZEE HARRIS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Yahtzee Harris is in custody at the Porter County Jail pending his sentencing, which is set for July 30, 2020. Before me is Harris's Motion For Release on Home Detention. [DE 856.] The Government filed a brief opposing the motion. Mr. Harris waived his appearance and a hearing on this matter took place on May 8, 2020. Both the Government and the Defendant proceeded by way of proffer. At the conclusion of the hearing, I denied Mr. Harris's motion on the record but indicated a written order would follow. This is that order.

I begin by reviewing how we arrived at this juncture. In July 2019, Mr. Harris pled guilty to conspiracy to distribute more than 280 grams of crack cocaine and possessing a firearm in furtherance of a drug trafficking crime. [DE 564, 579.] Prior to pleading guilty, Harris was ordered detained pending trial when he could not rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and Harris was deemed a flight risk and danger to the community. [DE 29.] Harris faces a minimum of 15 years imprisonment for the two counts he has pled guilty to. Since Harris entered his guilty

plea, however, the COVID-19 pandemic has turned the world, both inside and outside correctional centers, upside down. And it is because of the dangers posed by COVID-19 that Harris seeks release pending his sentencing. His sentencing is scheduled for July 30, 2020. [DE 857.]

The legal standards governing a District Court's ability to release a detained individual on bond after they have pleaded guilty but not yet been sentenced are a little murky. For example, 18 U.S.C. § 3142(i) contains a "compelling reason" standard for "temporary release" subsequent to a prior detention order issued under § 3142(e). Subsection (i) addresses the particular contents a pretrial detention order must include, and goes on to allow that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  I have previously found that § 3142(i) does not apply after a defendant has entered a plea of guilty.  *United States v. Devon Gibson,* 2:19CR40-PPS, Opinion and Order of April 20, 2020, p.3.  After a defendant has been adjudicated guilty, detention is instead governed by § 3143, which is entitled "Release or detention of a defendant pending sentence or appeal." Furthermore, Mr. Harris directs me to recent BOP guidance concerning compassionate release under the CARES Act, but that generally deals with individuals who have already been sentenced. [DE 856.] Mr. Harris is not in that category.

2

Here, the controlled substance offense Harris pled guilty to carries a minimum term of imprisonment of 10 years which creates a rebuttable presumption that no combination of conditions exists that will reasonably assure Harris's appearance or the safety of the community if he is released, pursuant to 18 U.S.C. § 3142(e)(3)(A).  But also in play is § 3143(a)(2), which in this case requires detention pending sentencing unless "there is a substantial likelihood that a motion for acquittal or new trial will be granted," a criterion that is not met *because* of the guilty plea.

What's more, Section § 3145(c) provides that a defendant like Harris, subject to detention under § 3143(a)(2), who can show by clear and convincing evidence that he is not likely to flee or pose a danger, can be released under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." There remains some disagreement among courts whether §3145(c)'s "exceptional reasons" standard is available to district court judges or only to court of appeals judges, given its context in a provision cross-referencing other statutes governing matters in the court of appeals. *See United States v. Harris*, ___ F.Supp.3d ___, 2020 WL 1503444, at *4 (D.D.C. March 27, 2020).  But the Seventh Circuit is within the "overwhelming majority of the judicial decisions" holding that "a district court judge may order a person released pursuant to 18 U.S.C. §3145(c)." *Id.*, citing *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992).  *See also United States v. Young*, No. 2:18CR21-2-TLS/APR, 2020 WL 2092837, at *2 (N.D.Ind. April 30, 2020) (Springmann, C.J.).

At the end of the day, this is much more of an academic discussion than anything else. I see no meaningful distinction between the § 3142(i)'s "compelling circumstances" test and § 3145(c)'s "exceptional reasons" standard. So whether the defendant has been adjudicated guilty or not, there appears to be a fail safe clause for court's to use in releasing a defendant as long as there are either "compelling circumstances" — in cases where a defendant has not yet been adjudicated guilty and §3142 is in play— or "exceptional reasons" in cases where a defendant has been so adjudicated and § 3143 and § 3145 govern.

In sum, and turning to the specifics of this case, Harris can be released only if he shows, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community if released. And because he has already pleaded guilty, he must also demonstrate that there are "exceptional reasons" why his continued detention is inappropriate, under the standard of § 3145(c). Harris does not meet these requirements.

Harris has not proposed conditions of release that satisfactorily neutralize the danger to others if he is released. Prior to entering his guilty plea, Harris was presumed a flight risk and a danger to the community as a result of his lengthy criminal history, prior supervised release and probation violations, sparse employment history, and former gang affiliation. None of that has changed as a result of the COVID-19 pandemic. Furthermore, Harris has not offered up any definitive place where he could

4

live or stay if released which would be suitable and where he could be safely monitored.

More significantly, I am not persuaded that Harris has demonstrated exceptional reasons that his continued detention is inappropriate. Obviously, the COVID-19 pandemic is itself an exceptional circumstance. But it is equally true that the pandemic cannot justify the wholesale emptying of all jails and prisons as a matter of course. Harris must show me there is something about the COVID-19 pandemic, as it relates to him specifically, that justifies his release. Here, he offers that he suffers from COPD and needs an inhaler and is thus at greater risk of suffering complications if he were to contract COVID-19. But at the hearing, his attorney proffered that there's no indication that Mr. Harris has been denied his inhaler or does not have access to it. Nor has Harris been diagnosed with COIVD-19 yet. Thankfully, his specific cell block has not been affected yet by the outbreak either so it does not seem his risk is especially imminent. And it seems that under circumstances, the Porter County Jail authorities are taking precautions to limit the likelihood that Harris or other inmates and detainees will contract the disease.  So, although Harris may be at risk of severe complications from COVID-19, he is not experiencing those and so far has not tested positive for the virus.

For all these reasons, while I am sympathetic to Harris and others who are experiencing hardship and fear due to being incarcerated during this COVID pandemic, I must conclude that Harris has not demonstrated a basis for his release, whether temporarily or until his sentencing occurs.

I recognize that we are sailing on uncharted waters right now. Matters change rapidly; there are new developments that occur on nearly a daily basis.  Therefore, it should go without saying that this order, like all orders, is subject to reconsideration should there be a substantive change in the facts.  But for now, based on the information presently before me, Harris must remain detained.

ACCORDINGLY:  Defendant Yahtzee Harris's Motion for Release on Home Detention [DE 856] is DENIED.

SO ORDERED on May 11, 2020.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT